## Solicitation by State Official

HARRINGTON ADAMS, Deputy Attorney General and THOMAS D. MCBRIDE, Attorney General, October 10, 1957.—We have your request for an opinion concerning the following situation:

"A. May an Administrative Official of this Department solicit and obtain from this or any other Department of the Commonwealth advertisements for a publication, from which solicitation he derives income?"

"B. If the answer to the above is negative, what action may or shall or must the Department take?

"C. In the event that the Administrative Official in question has done the solicitation in the past, and if it be found that such conduct was in violation of the Administrative Code or any other Statute or Regulation, what action, if any, may or must the Department take?"

Section 516 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §196, reads:

"No member or officer of any department of the government shall be in any way interested in any contract for furnishing stationery, printing, paper, fuel, furniture, materials, or supplies, to the State Government, or for the printing, binding, and distributing of the laws, journals, department reports, or any other printing and binding, or for the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees."

The solicitation of advertisements is not specifically covered by this statute. The more recent policy of the General Assembly is set forth in the State Adverse Interest Act of July 19, 1957, P. L. 1017, which becomes effective 90 days after enactment. Sections 5, 7 and 8 of this act read:

"Section 5   No State employe shall have an adverse interest in any contract with the State agency by which he is employed.

"Section 7   No State employe, except in the performance of his duties as such employe, shall, for remuneration, directly or indirectly, represent any other person upon any matter pending before or involving any State agency.

"Section 8    Any person who violates any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000) or to be imprisoned for a term not exceeding one year, or both, and in addition, shall automatically forfeit any office or employment under a State agency which he may then hold."

The incident which caused your inquiry was not, therefore, within the purview of this statute, although a repetition of it after the effective date of the act would be a violation thereof. Nor does the incident cited by you come within the rule that "public policy" forbids an employe of the State from accepting remuneration for his services from anybody other than the State or the department thereof which employs him. See State v. Hendrix, 56 Ariz. 342, 107 P. 2d 1078 (1940).

In the event you have promulgated no rule or directive concerning incompatible activities of employes, it is obvious the employe cannot be charged with any violation thereof.

There was no law in force at the time the situation arose which formed the basis of your inquiry which is applicable to the employe.

In view of these facts, it follows that you are limited in your action against this employe, as to the incident mentioned, to such administrative action as the exercise of your discretion dictates.

We are of the opinion, therefore, and you are accordingly advised that as to the incident cited by you, the employe violated no law and apparently violated no rule or regulation of your department and that you may exercise such administrative action, as you, in the exercise of your discretion, see fit.